IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| DONNIE CANTRELL | : | |
| 439 Sunnyside Drive | : | CIVIL ACTION |
| Venice, FL  34293 | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | NO:  1:12-cv-129 |
| BNSF RAILWAY COMPANY | : | |
| f/k/a Burlington Northern and | : | |
| Santa Fe Railway Company | : | |
| c/o  C.T. Corporate Systems | : | |
| 123 East Marcy | : | |
| Santa Fe, NM  87501 | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Defendant** | : | |

## COMPLAINT

1. This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., which Act grants this Court jurisdiction over this action.

2. Plaintiff, Donnie Cantrell, is a competent individual residing at the above-captioned address.

3. At all times material hereto, the Defendant, BNSF Railway Company, f/k/a Burlington Northern and Santa Fe Railway Company, successor in interest to the Burlington Northern Railroad Company and the Atchison, Topeka & Santa Fe Railway Company, was at all times relevant hereto engaged in interstate commerce in and throughout several states of the United States as a common carrier by rail; and for the purposes hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business throughout the state of New Mexico and other states of the United States.

4.  At all times relevant hereto, the Plaintiff was employed by Defendant railroad as a signal maintainer and was acting in the course and scope of his employment with Defendant, and was engaged in the furtherance of interstate commerce within the meaning of said Act.

5.  At all times relevant hereto, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendant, its servants, agents and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

6.  All of the property, equipment and operations involved in this occurrence were, at all times relevant hereto, owned and/or under the direct and exclusive control of the Defendant, its agents, servants and/or employees.

7.  Throughout his entire career with the Defendant, the Plaintiff, Donnie Cantrell, while working within the scope of his employment, was injured due to unsafe and inadequate working conditions.

8.  The aforesaid occurrence was directly and proximately caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

9.  As a direct and proximate result of the Defendant's negligence, the Plaintiff has suffered and will continue to suffer: bilateral carpel tunnel syndrome and bilateral knee joint degeneration (degenerative joint disease) resulting in surgical repair, along with various other injuries.

10. By reason of the aforesaid injuries, the Plaintiff has been disabled from gainful employment, his earning capacity has been permanently impaired, he has incurred

and will continue to incur medical expenses including costs of surgery, and he has suffered and will continue to suffer inconvenience, great physical and mental pain and embarrassment.

**WHEREFORE**, the Plaintiff, Donnie Cantrell, demands judgment against the Defendant, BNSF Railway Company, in a sum in excess of ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000.00) and the costs of this action.

                              CAPPELLI, MUSTIN & JOYCE

Date: February 9, 2012

                            BY:  /s/ Shawn M. Sassaman
                                 SHAWN M. SASSAMAN
                                 101 West Elm Street, Suite 630
                                 Conshohocken, PA  19428
                                 (610) 941-4444

Date: February 9, 2012         BY:   /s/ Orlando A. Sandoval
                                 ORLANDO A. SANDOVAL
                                 1016 Lomas Blvd., NW
                                 Albuquerque, NM  87102
                                 (505) 247-4944